**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD WINN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 19-3089** |
| | : | |
| **TAMMY FERGUSON,** *et al.* | : | |

# **MEMORANDUM**

**KEARNEY, J.**                                                                                              **July 20, 2020**

Ronald Winn seeks habeas relief from a life sentence imposed by the state court on October 27, 1998. Following appeals, Mr. Winn had until August 11, 2001 to file a timely petition for habeas relief. He waited until July 10, 2019 to file the petition we now consider. We referred his petition to Judge Perkin for a report and recommendation. Judge Perkin found he is time barred and tolling principles do not apply. Mr. Winn objects to Judge Perkin's recommendation and asks we apply statutory or equitable tolling principles. He offers no grounds for statutory or equitable tolling of a petition filed many years beyond the statute of limitations. We approve Judge Perkin's recommendation as Mr. Winn's objections lack merit. We dismiss Mr. Winn's petition with prejudice and find no basis for a certificate of appealability.

**I.   Background**

Ronald Winn pled guilty on July 13, 1998 to murder and nine counts of aggravated assault for opening fire with a .357-magnum handgun in a strip club, killing one man and wounding several others.[1] The state court found Mr. Winn guilty of first-degree murder and sentenced him to life imprisonment with a concurrent sentence of fifty to one hundred years on the remaining charges on October 27, 1998.[2] Mr. Winn appealed to the Pennsylvania Superior Court which

affirmed the trial court's judgment of sentence on November 29, 1999.[3] The Pennsylvania Supreme Court denied Mr. Winn's petition for discretionary review on May 11, 2000.[4]

Mr. Winn filed a timely *pro se* petition for collateral relief under the Pennsylvania Post-Conviction Relief Act[5] on January 24, 2001.[6] Mr. Winn's court-appointed counsel then filed an amended petition for relief on January 29, 2002 alleging ineffective counsel lead Mr. Winn to believe he could argue self-defense after pleading guilty.[7] After issuing the requisite notice, the Post-Conviction Relief Act court dismissed Mr. Winn's petition as meritless on August 27, 2002.[8] Mr. Winn sought relief in the Pennsylvania Superior Court. On May 27, 2003, the uperior court affirmed the dismissal.[9] Mr. Winn did not seek review by the Pennsylvania Supreme Court.[10]

Mr. Winn filed four more Post-Conviction Relief Act petitions over the next ten years alleging the same grounds for relief: his guilty plea had been involuntary and unknowing due to ineffective counsel.[11] The Post-Conviction Relief Act court dismissed each petition as untimely.[12]

On July 10, 2019, Mr. Winn filed the *pro se* habeas petition now before us. He argues the respondent violated: (1) the Sixth Amendment as Mr. Winn's counsel failed to render legal assistance when he "repeatedly inform[ed]" counsel of compelling factors providing the state trial court with an unquestionable basis for accepting Mr. Winn's "mislead [sic] impression of Third Degree Conviction via Guilty Plea";[13] (2) the Fourteenth Amendment with a lack of state corrective process, counsel "[r]endered more aid with Prosecution" and suppressed evidence of other shooters rendering Mr. Winn factually innocent;[14] and (3) the Sixth Amendment as counsel persuaded or threatened Mr. Winn into pleading guilty.[15]

Respondent Superintendent Tammy Ferguson responded on December 20, 2019 arguing we should dismiss as the petition is time-barred.[16] On March 2, 2020, Mr. Winn filed a reply brief.[17] We referred Mr. Winn's Petition to the Honorable Henry S. Perkin for a Report and

Recommendation. Judge Perkin timely issued a June 15, 2020 Report and Recommendation finding Mr. Winn's petition time-barred and ineligible for either statutory or equitable tolling.[18] Judge Perkin recommended denial with prejudice of Mr. Winn's petition and dismissal without an evidentiary hearing.[19] Mr. Winn timely objected to Judge Perkin's report but raised largely the same arguments from his habeas petition and reply brief.[20]

**II.   Analysis**

The federal Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for a writ of habeas corpus challenging a state court judgment.[21] "This restriction on habeas actions was adopted by [Antiterrorism and Effective Death Penalty Act] in 1996, and so, for cases where final judgment had already been entered before [it] was adopted, the limitations period began on [Antiterrorism and Effective Death Penalty Act's] effective date and expired on April 23, 1997."[22]

Mr. Winn's judgment of sentence became final on August 11, 2000, ninety days after the Pennsylvania Supreme Court denied his petition for appeal and his time to seek discretionary review from the United States Supreme Court expired.[23] Mr. Winn had until August 11, 2001 to file a timely habeas corpus petition. He waited until July 10, 2019 to file the petition we now consider.

We recognize two exceptions which may overcome this one-year statute of limitations. "The statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception."[24] We now address whether Mr. Winn's petition is eligible for tolling.

3

### A.   Mr. Winn's habeas petition is not eligible for statutory tolling.

Judge Perkin found Mr. Winn's petition is not eligible for statutory tolling.  We agree.  Congress set the one-year statute of limitations to begin on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[25]  Mr. Winn filed one timely Post-Conviction Relief Act on January 24, 2001, tolling the statute of limitations with approximately 199 days left.[26]  The clock started running again on June 26, 2003, when, thirty days after the Pennsylvania Superior Court affirmed the dismissal of Mr. Winn's petition, Mr. Winn had not petitioned for review by the Pennsylvania Supreme Court.[27]  The statutory period ended 199 days later on January 12, 2004.  Mr. Winn petitioned for habeas relief roughly fifteen and one-half years later on July 10, 2019.

Mr. Winn's four other Post-Conviction Relief Act petitions do not toll the statute of limitations.  We are generally aware "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[28]  But our Supreme Court recognizes when a state court rejects a Post-Conviction Relief Act petition as untimely, it is not "properly filed" and does not toll the Act's statute of limitations.[29]  The Post-Conviction Relief Act court dismissed all of Mr. Winn's petitions as untimely.  Because Mr. Winn did not timely move for post-conviction relief, his motions do not toll the statute of limitations on this habeas petition.

Statutory tolling may also extend the limitations period from the date when state action prevented a prisoner from filing a habeas petition,[30] the date from when the Supreme Court recognized a new constitutional right retroactively applicable to cases on collateral review,[31] or the date from when the factual predicate of claims could have been discovered through due

4

diligence.[32]  Mr. Winn does not allege the state prevented him from filing a timely habeas petition; a new constitutional right applies retroactively; or, the factual predicate of his claims became discoverable through due diligence after the statute of limitations expired.

We adopt and approve Judge Perkin's conclusion Mr. Winn's untimely petition does not qualify for statutory tolling under section 2244(d)(1)-(2).

### B. Mr. Winn's habeas petition is not eligible for equitable tolling.

We further agree with Judge Perkin Mr. Winn is not entitled to equitable tolling. Congress's statutory limitation period is subject to equitable tolling if "principles of equity would make the rigid application of a limitation period unfair."[33]  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[34]

#### 1. Mr. Winn does not demonstrate due diligence.

We first address whether Mr. Winn demonstrated due diligence in pursuing his rights. The Supreme Court instructs "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,'" not 'maximum feasible diligence.'"[35]  Efforts demonstrating reasonable diligence include writing "letters seeking crucial information and providing direction"; repeatedly contacting the state courts to have a deficient attorney removed from a case; and, filing a habeas petition the same day an incarcerated person discovers his or her statute of limitations expired.[36] Our Court of Appeals instructs reasonable due diligence does not include a prisoner's "twenty-one months of inactivity"[37] or a prisoner failing to pursue federal habeas corpus relief until thirteen years after their conviction.[38]  Mr. Winn did not pursue a federal habeas petition until fifteen and one-half years after the limitations period expired and roughly four years after the state court

dismissed his most recent Post-Conviction Relief Act petition.[39] We agree with Judge Perkin Mr. Winn does not demonstrate an exercise of reasonable due diligence.

### 2.  Mr. Winn does not allege extraordinary circumstances.

We next address whether some extraordinary circumstance prevented Mr. Winn from filing his habeas petition. Our Court of Appeals has held equitable tolling applies "if (1) the [respondent] has actively misled the [petitioner], (2) if the [petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [petitioner] has timely asserted his rights mistakenly in the wrong forum."[40] On the other hand, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling."[41]

Mr. Winn argues some form of ineffective counsel in each of his three grounds for review. Our Court of Appeals recognizes a "narrow line of cases in which lawyer misconduct justifies equitable tolling."[42] For example, an "attorney's affirmative misrepresentation to his client, coupled with the plaintiff's extreme diligence in pursuing her claim and the absence of prejudice to the defendant, 'created a situation appropriate for tolling.'"[43] But even acknowledging this narrow line of cases where ineffective counsel merits equitable tolling, Mr. Winn only refers to ineffective counsel during his state court proceedings. He does not refer to actively misleading counsel who prevented him from timely asserting his rights here. He does not otherwise plead extraordinary circumstances suggesting equitable tolling should apply to his untimely petition. We agree with Judge Perkin Mr. Winn does not allege an extraordinary circumstance qualifying his petition for equitable tolling.

6

### 3.     Mr. Winn does not show a credible claim of actual innocence.

We next address Mr. Winn's allegation he is entitled to equitable tolling because he has a credible claim of actual innocence. The Supreme Court instructs us to treat "actual innocence, if proved . . . as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."[44] But "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"[45] Our Court of Appeals recognizes "petitioners can satisfy the actual innocence standard's new evidence requirement by offering 'newly presented' exculpatory evidence, meaning evidence not presented to the jury at trial."[46] "[W]hen a petitioner asserts ineffective assistance of counsel based on counsel's failure to discover or present to the fact-finder the very exculpatory evidence that demonstrates his actual innocence, such evidence constitutes new evidence for purposes of the . . . actual innocence gateway."[47]

Mr. Winn argues he is actually innocent because he acted in self-defense[48] and because there were multiple shooters, a fact to which multiple witnesses and surviving victims have attested to.[49] These facts may constitute "compelling factors that would had [sic] urged [a] trial for [his] defense."[50] But Mr. Winn does not identify in his petition newly-discovered evidence or evidence counsel did not present at trial. Mr. Winn cites multiple witness accounts with varied descriptions of the alleged shooter. He repeats a similar argument in his objection to Judge Perkins's recommendation.[51] But this "suppressed evidence" consists of statements elicited from his degree-of-guilt hearing,[52] meaning the state judge heard the statements and Mr. Winn's lawyer could (and may have) cross-examined the witnesses.[53] There is no "new evidence." And the Pennsylvania Superior Court denied Mr. Winn's argument regarding the inconsistency of witness descriptions

7

during Mr. Winn's direct appeal.[54] Because the evidence Mr. Winn presents is not "new," we cannot find "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."

A witness refuted Mr. Winn's claims of self-defense by testifying Mr. Winn's victim had a beer in one hand and his other hand in his pocket when Mr. Winn shot him, which the prosecution corroborated with photographic evidence.[55] Even if Mr. Winn's claim about multiple shooters is somehow "new evidence," the other evidence presented at trial establishes Mr. Winn did not shoot his victim in self-defense. We do not agree with Mr. Winn's contention "no reasonable jurist would have convicted."[56]

Mr. Winn waits until his reply brief to assert several claims about fired cartridge cases which he seemingly presents as new evidence.[57] But as other courts in our Circuit have noted, a petitioner "may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief."[58] "This doctrine applies not only in standard civil suits, but is also applicable to reply briefs in habeas proceedings as '[b]asic fairness requires that an opposing party have a fair notice of his adversary's claims, as well as an opportunity to address those claims.'"[59] We do not address claims Mr. Winn did not allege in his habeas petition.

We agree with Judge Perkin Mr. Winn does not state a plausible claim of actual innocence justifying equitable tolling for his untimely petition.

### C. **We deny a certificate of appealability.**

Our last consideration is whether any of Mr. Winn's claims merit a certificate of appealability. When a district court denies a habeas petition on procedural grounds without addressing the underlying constitutional claims, it may issue a certificate of appealability only if "the prisoner shows . . . jurists of reason would find it debatable whether the petition states a valid

8

claim of the denial of a constitutional right and . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[60] We agree with Judge Perkin reasonable jurists would agree Mr. Winn's petition is time-barred and neither statutory nor equitable tolling renders it timely.

## III.     Conclusion

We approve and adopt Judge Perkin's Report and Recommendation and dismiss Mr. Winn's petition for habeas relief. We agree with Judge Perkin the petition is time-barred and must be dismissed. We also find Mr. Winn's petition does not warrant a certificate of appealability.

---

[1] ECF Doc No. 17 at 1; ECF Doc No. 12-1 at 1.

[2] ECF Doc No. 17 at 1.

[3] *Id.*

[4] *Id.* at 2.

[5] 42 Pa. C.S. § 954, *et seq*.

[6] ECF Doc No. 17 at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] ECF Doc No. 1 at 10.

---

[14] *Id.* at 12.

[15] *Id.* at 14.

[16] ECF Doc No. 12.

[17] ECF Doc No. 16.

[18] ECF Doc No. 17 at 3-8.

[19] *Id.* at 13.

[20] ECF Doc No. 20 at 1-2 (arguing Judge Perkin's recommendation overlooked the miscarriage of justice because he is actually innocent); *id.* at 2-3 (arguing ineffective counsel in light of suppressed evidence).

[21] 28 U.S.C. § 2244 requires:

(d)(l) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[22] *Romansky v. Superintendent Greene SCI*, 933 F.3d 293, 298 (3d Cir. 2019), *as amended* (Aug. 9, 2019) (citing *Burns v. Morris*, 134 F.3d 109, 111 (3d Cir. 1998)).

[23] *Kapral v. United States*, 166 F.3d 565, 570-571 (3d Cir. 1999) ("[T]he judgment of conviction does not become "final" until the time for seeking certiorari review expires. . . . A defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari.").

[24] *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (citing *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)).

10

---

[25] 28 U.S.C. § 2244(d)(1)(A).

[26] ECF Doc No. 17 at 6 (citing Fed. R. Civ. P. 6(a)(1)).

[27] *Id.*

[28] 28 U.S.C. § 2244(d)(2).

[29] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under [section] 2244(d)(2).").

[30] 28 U.S.C. § 2244(d)(1)(B).

[31] *Id.* § 2244(d)(1)(C).

[32] *Id.* § 2244(d)(1)(D).

[33] *Schlager v. Superintendent Fayette SCI*, 789 F. App'x 938, 940 (3d Cir. 2019) (quoting *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013)).

[34] *Pace*, 544 U.S. at 418.

[35] *Holland v. Florida.*, 560 U.S. 631, 653 (2010) ( quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996); *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008)).

[36] *Id.*

[37] *LaCava v. Kyler*, 398 F.3d 271, 279 (3d Cir. 2005).

[38] *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).

[39] *See Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006) (finding petitioner did not exercise due diligence by waiting eight months after the dismissal of his Post-Conviction Relief Act petition to file his habeas petition in federal court).

[40] *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

[41] *Id.* (citations and internal quotations omitted).

[42] *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 283 (3d Cir. 1999).

[43] *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (quoting *Seitzinger*, 165 F.3d at 242).

[44] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

---

[45] *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

[46] *Reeves v. Fayette SCI*, 897 F.3d 154, 161 (3d Cir. 2018), *as amended* (July 25, 2018), *cert. denied sub nom. State Corr. Inst. at Fayette v. Reeves*, 139 S. Ct. 2713 (2019).

[47] *Id.* at 164.

[48] ECF Doc No. 1 at 8.

[49] *Id.* at 12.

[50] *Id.* at 11.

[51] ECF Doc No. 20 at 2 ("The prosecution . . . withheld and suppressed an abundant [sic] of statements from eye-witnesses that presumably identified the descriptions or identities of the several other persons who fired more than two dozen shotguns.").

[52] ECF Doc No. 16 at 5-6.

[53] ECF Doc No. 17 at 11.

[54] *Id.* (quoting *Commonwealth v. Winn*, 750 A.2d 379 (Pa. Super. Nov. 29, 1999) (unpublished memorandum)).

[55] ECF Doc No. 17 at 12.

[56] ECF Doc No. 1 at 12.

[57] ECF Doc No. 16 at 2, 8.

[58] *McNeil v. Johnson*, No. 18-10003), 2019 WL 3805118, at *1 (D.N.J. Aug. 12, 2019) (quoting *D'Allessandro v. Bugler Tobacco Co.*, No. 05-5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007)).

[59] *Id.* (quoting *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015)).

[60] *Slack v. McDaniel*, 529 U.S. 473, 485 (2000).