#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD WINN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 19-3089 |
| | : | |
| **TAMMY FERGUSON,** *et al.* | : | |

### MEMORANDUM

**KEARNEY, J.**                                                                                                   **May 16, 2022**

      We denied Ronald Winn's habeas petition two years ago as time-barred. He now asks us to vacate our denial under Rule 60(b) arguing his interpretation of our Court of Appeals's 2021 analysis in *Bracey v. Superintendent Rockview SCI* merits we take another look and excuse his untimely filing. We reviewed the state court record again and analyzed *Bracey*'s effect on Mr. Winn's arguments seeking to avoid the untimeliness bar. His arguments presume the United States violated its *Brady* disclosure obligations. We find no basis for his argument under *Brady*. We find no merit in Mr. Winn's arguments. He does not show extraordinary circumstances warranting relief from our judgment denying his habeas petition. We decline to issue a certificate of appealability.

    **I.  Background**

      Ronald Winn pleaded guilty on July 13, 1998 in state court to murder and nine counts of aggravated assault.[1] The Philadelphia Court of Common Pleas held a degree-of-guilt hearing at which the court found Mr. Winn guilty of first-degree murder.[2] The court heard evidence Mr. Winn fired a magnum in a nightclub six inches from a victim's head, killing the victim.[3] The court sentenced Mr. Winn to life imprisonment with a concurrent sentence of 50 to 100 years.[4] Mr. Winn

unsuccessfully petitioned for relief under Pennsylvania's Post-Conviction Relief Act at least five times.[5]

Mr. Winn petitioned for a writ of habeas corpus under section 2254 in July 2019.[6] He argued his innocence and his counsel performed deficiently by failing to present mitigating evidence and persuading Mr. Winn to plead guilty.[7] Mr. Winn acknowledged his petition's untimeliness, but argued we should excuse the untimeliness because the Commonwealth suppressed exculpatory evidence.[8] Mr. Winn cited gun casings found in the nightclub's doorway which did not match the gun police recovered, a gun casing found under a chair in the lobby of the nightclub which police never tested, police interviewing more than forty people after the shooting but disclosing only sixteen interviews to Mr. Winn, and the police failing to submit another person's gun for testing.[9] Mr. Winn argued he did not discover this evidence until an inmate reviewed his case file.[10]

Judge Perkin recommended we deny Mr. Winn's petition as untimely.[11] Judge Perkin reasoned Congress through the Antiterrorism and Effective Death Penalty Act (AEDPA) required Mr. Winn to file his petition by August 11, 2001, but he did not file it until July 10, 2019.[12] Mr. Winn presented no statutory, equitable, or innocence-based reason to excuse his petition's untimeliness.[13] We adopted Judge Perkin's recommendation because we found Mr. Winn's habeas petition time-barred.[14] We denied Mr. Winn's petition.[15]

II.  **Analysis**

Mr. Winn now moves for extraordinary relief under Federal Rule of Civil Procedure 60(b).[16] He asks us to vacate our denial of his habeas petition for two reasons: (1) our Court of Appeals's recent decision in *Bracey v. Superintendent Rockview SCI*[17] excuses his petition's untimeliness, and (2) he is innocent of the crimes to which he pleaded guilty.[18]

Federal Rule of Civil Procedure 60(b) allows us to relieve Mr. Winn from our judgment denying his habeas petition for any "reason that justifies relief."[19] We may grant Rule 60 relief "only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'"[20] Our Court of Appeals "ha[s] consistently articulated . . . intervening changes in the law *rarely* justify relief from final judgments" under Rule 60.[21]

We deny Mr. Winn's motion. Our Court of Appeals's analysis in *Bracey* does not excuse his petition's untimeliness because Mr. Winn does not allege the Commonwealth suppressed evidence or show equity warrants Rule 60 relief. Mr. Winn does not show actual innocence. We decline to issue a certificate of appealability.

A.  ***Bracey* does not warrant extraordinary relief.**

Mr. Winn argues we must vacate our denial of his habeas petition because *Bracey*—decided after we denied Mr. Winn's petition—requires it. We disagree.

Understanding *Bracey* requires an understanding of three concepts: the Commonwealth's obligations under *Brady v. Maryland*;[22] our Court of Appeals's interpretation of *Brady* in *Dennis v. Secretary, Pennsylvania Department of Corrections*;[23] and AEDPA's time limits for filing habeas petitions.[24] Under *Brady*, the government must disclose material exculpatory or impeachment evidence to the defendant.[25] A *Brady* violation requires three elements: (1) the government suppressed evidence either willfully or inadvertently, (2) the evidence is favorable to the accused because it is either exculpatory or impeaching, and (3) the suppression prejudiced the

3

defendant because the evidence is material.[26] In *Dennis*, our en banc Court of Appeals held defendants are "entitled to presume" the government complied with *Brady*.[27] The government "must disclose all favorable evidence" regardless of the defendant's efforts to uncover it; defendants bear no obligation of "due diligence" to discover *Brady* violations.[28] AEDPA also uses the phrase "due diligence" in providing time limits for habeas petitioners to seek relief. Under AEPRA, habeas petitioners must petition within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[29]

In *Bracey*, our Court of Appeals synthesized *Dennis* with AEDPA's due diligence provision. Our Court of Appeals held the due diligence obligation of habeas petitioners asserting *Brady* violations is triggered only once they obtain "reasonable" basis to expect "investigation" would "yield evidence of a *Brady* violation."[30] This holding flowed from *Dennis* because *Dennis* held a defendant "is entitled to presume" no *Brady* violation occurred.[31] Obligating a habeas petitioner to exercise due diligence to discover *Brady* violations when the petitioner had no reason to expect such violations had occurred would frustrate *Dennis*. In sum, *Bracey* holds a petitioner asserting *Brady* violations must petition within one year of the date he obtains reason to expect investigation would yield evidence of a *Brady* violation.

Mr. Winn argues *Bracey* warrants Rule 60 relief. Mr. Winn argues the Commonwealth violated *Brady* by failing to disclose three pieces of material exculpatory evidence: gun casings found at the nightclub's door which did not match the firearm police recovered, gun casings found near a barstool which the police never submitted for testing, and police interviews of "more than [forty] people from the night of shooting" of which police disclosed only sixteen.[32] Mr. Winn argues he petitioned for habeas relief within one year of discovering the Commonwealth's *Brady*

4

violations, so he filed a timely petition under *Bracey*. Mr. Winn argues *Bracey* constitutes an intervening change in the law which occurred after we denied his petition, warranting Rule 60 relief.

We disagree because Mr. Winn does not allege the Commonwealth violated *Brady*. Mr. Winn argues the Commonwealth suppressed certain gun casings. Yet Mr. Winn's counsel cited these gun casings in his closing argument during Mr. Winn's degree-of-guilt hearing.[33] Mr. Winn does not explain how the Commonwealth could have suppressed evidence which Mr. Winn possessed during trial. Nor does Mr. Winn explain how the evidence is exculpatory, as the judge heard the evidence and still convicted Mr. Winn of first-degree murder. For the same reason, Mr. Winn does not explain why the evidence is material. Mr. Winn also argues the Commonwealth suppressed interviews with people inside the nightclub after the shooting. But it is well-established *Brady* does not require a prosecutor "to deliver his entire file to defense counsel."[34] Mr. Winn says nothing about these interviews' contents. He does not allege how these undisclosed interviews constituted exculpatory or impeachment evidence triggering disclosure. He also does not explain how the interviews' non-disclosure could be material. And it appears the Commonwealth did not suppress these interviews because Mr. Winn discovered their existence by reading his own case file. If the case file in Mr. Winn's possession revealed the interviews occurred, it is unclear how the Commonwealth suppressed the interviews' existence. We cannot infer a *Brady* violation from Mr. Winn's conclusory allegations.

Even assuming Mr. Winn did allege *Brady* violations excusing his untimely petition under *Bracey*, we would still decline Rule 60 relief because Mr. Winn does not show equity warrants it. *Bracey* alone—assuming *arguendo* it applies—is insufficient to vacate our denial of Mr. Winn's habeas petition because "intervening changes in the law rarely justify" Rule 60 relief.[35] Mr. Winn

5

also must show "flexible" equitable factors warrant relief, including "the effect of the change in decisional law on the district court's prior ruling"; "the merits of" the underlying habeas petition; principles of "finality and comity"; the "movant's diligence in pursuing review"; and "the imperative of correcting a fundamentally unjust incarceration."[36]

None of these factors warrant relief. Mr. Winn's underlying habeas petition is almost certainly meritless. Assuming *Bracey* warranted Rule 60 relief, we would consider only the underlying *Brady* claim which *Bracey* makes timely and not Mr. Winn's untimely ineffective-assistance-of-counsel claims which *Bracey* cannot excuse. As we explained above, Mr. Winn does not properly allege *Brady* claims because he does not show the Commonwealth suppressed evidence, let alone material, exculpatory evidence. Mr. Winn exhibited no diligence in pursuing review of his conviction. He pleaded guilty in 1998 but waited until 2019 to seek habeas relief, raising ineffective-assistance-of-counsel claims he could have raised shortly after his conviction. Finality and comity favor denial of Mr. Winn's motion because he pleaded guilty almost twenty-five years ago and raises arguments in his habeas petition he could have raised at any point in the past twenty-five years.[37] And we identify no imperative to correct a fundamentally unjust incarceration because, as described below, Mr. Winn does not show his actual innocence.

### B. Mr. Winn does not show his actual innocence.

Mr. Winn argues his innocence constitutes an extraordinary circumstance warranting Rule 60 relief.[38] To show actual innocence, Mr. Winn must persuade us "no juror, acting reasonably, would have voted to him guilty beyond a reasonable doubt" considering "new evidence."[39]

Mr. Winn does not show actual innocence because he does not present "new evidence." Mr. Winn argued his actual innocence excused the untimeliness of his habeas petition in 2019. We rejected his argument in denying his habeas petition, finding Mr. Winn did not present "newly-

6

discovered evidence" showing his innocence.[40] Mr. Winn again presents no new evidence. He simply repeats his arguments from his habeas petition. He does not show a basis for Rule 60 relief.

### C. We decline to issue a certificate of appealability.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[41] A "final order" includes an order denying extraordinary relief under Rule 60.[42] We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[43] A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[44]

We decline to issue a certificate of appealability. Reasonable jurists could not find Mr. Winn presents issues adequate to proceed further because *Bracey* clearly does not warrant relief under Rule 60. Mr. Winn does not show the Commonwealth violated *Brady*. He also does not show his actual innocence; he simply repeats the same arguments we previously rejected.

### III. Conclusion

We deny Mr. Winn's motion for Rule 60(b) relief. We decline to issue a certificate of appealability.

---

[1] ECF Doc. No. 12-1 at 1 (using the pagination assigned by the CM/ECF system).

[2] *Id.*

[3] *Id.* at 6.

[4] *Id.* at 1–2.

[5] *See* ECF Doc. No. 17 at 2.

---

[6] ECF Doc. No. 1.

[7] *Id.* at 10, 14.

[8] *Id.* at 19.

[9] ECF Doc. No. 16 at 2.

[10] *Id.* at 4–5.

[11] ECF Doc. No. 17.

[12] *Id.* at 4.

[13] *Id.* at 5–10.

[14] ECF Doc. No. 22; *Winn v. Ferguson*, No. 19-3089, 2020 WL 4059832, at *4–6 (E.D. Pa. July 20, 2020).

[15] ECF Doc. No. 23.

[16] ECF Doc. No. 39.

[17] 986 F.3d 274 (3d Cir. 2021).

[18] We appointed the Federal Defender to represent Mr. Winn in his effort to obtain extraordinary relief. ECF Doc. No. 40. Mr. Winn declined representation. ECF Doc. No. 45. We granted the Defender's Motion to withdraw. *Id.*

[19] Fed. R. Civ. P. 60(b)(6).

[20] *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).

[21] *Id.* at 121 (emphasis in original).

[22] 373 U.S. 83 (1963).

[23] 834 F.3d 263 (3d Cir. 2016) (en banc).

[24] *See* 28 U.S.C. § 2244(d).

[25] *See Dennis*, 834 F.3d at 284 (citing *Brady*, 373 U.S. 83).

[26] *Id.* at 284–85 (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)).

[27] *Id.* at 290.

[28] *Id.* at 292–93.

[29] 28 U.S.C. § 2254(d)(1)(D).

[30] *Bracey*, 986 F.3d at 291 (quoting 28 U.S.C. § 2244(d)(1)(D)).

[31] *Id.* (quoting *Dennis*, 834 F.3d at 290).

[32] ECF Doc. No. 39 at 4.

[33] ECF Doc. No. 54-10 at 5 (N.T. Oct. 13, 1998 Hearing at 5:15–23) ("There is a fired cartridge case just outside the door of the Princess Lounge that matches no gun that was ever recovered. There is a fired cartridge case under the chair in the vestibule which was never checked and cannot be attributed to Mr. Winn's gun because he has the kind of a gun, a revolver, that would not eject a shell casing. So we don't know where that one came from.").

[34] *United States v. Bagley*, 473 U.S. 667, 675 (1985).

[35] *Cox*, 757 F.3d at 121 (emphasis removed).

[36] *Bracey*, 986 F.3d at 296 (quoting *Cox*, 757 F.3d at 121, 124–26, and *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 162 (3d Cir. 2017)).

[37] *Cox*, 757 F.3d at 125 (in analyzing the "finality and comity" factor, we should "consider whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago" because "[c]onsiderations of repose and finality become stronger the longer a decision has been settled").

[38] ECF Doc. No. 39 at 8–10.

[39] *Satterfield*, 872 F.3d at 159 (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1935 (2013)).

[40] ECF Doc. No. 22 at 7–8; *Winn*, 2020 WL 4059832, at *5–6.

[41] 28 U.S.C. § 2253(c)(1)(A).

[42] *See Bracey*, 986 F.3d at 282 (requiring a certificate of appealability "when a petitioner appeals the denial of a Rule 60(b) motion seeking reconsideration of a dismissal of a habeas petition, even if that dismissal was on procedural grounds").

[43] 28 U.S.C. § 2253(c)(2).

[44] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).